IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *AARON MURPHY*, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:20-cv-00969-JPG |
| | ) |
| *WEXFORD HEALTH SOURCES, INC.*, | ) |
| | ) |
| Defendant. | ) |

## **DEFENDANT'S MOTIONS *IN LIMINE***

COMES NOW Defendant, Wexford Health Sources, Inc., by and through its attorneys, Sandberg Phoenix & von Gontard P.C., and for its following Motions *In Limine*, hereby moves the Court for an Order instructing Plaintiff and his attorneys as follows:

1. Not to mention, refer to, suggest, or bring before the jury, directly or indirectly, upon *voir dire* examination, reading of the pleadings, statement of the case, interrogation of witnesses, argument, objections before the jury, documents used at trial, or in any other manner, any of the *in limine* matters set forth below, unless and until such matters have first been called to the court's attention, out of the presence and hearing of the jury, and until a favorable ruling has been received regarding the admissibility and relevance of such matters.

2. To inform all witnesses called by Plaintiff not to mention in the presence or hearing of the jury any of the below-enumerated *in limine* matters, unless and until specifically permitted to do so by ruling of the court.

3. If testimony to be presented to the jury has been taken before ruling on this motion and concerns matters subject to this motion, including without limitation, oral statements,

14521703.v1

documents used in the testimony or statements of counsel, such matters should be stricken before presentation to the jury.

## *IN LIMINE* MATTERS

1. **Motion *in limine* to preclude any and all argument and evidence of medical treatment provided to other inmates.** Well-settled law prohibits a plaintiff from introducing evidence of other similar incidents absent a clear demonstration of substantial similarity between Plaintiff's claims and such claims or incidents. *See, e.g., Ross v. Black & Decker, Inc.*, 977 F.2d 1178, 1185 (7th Cir. 1992) (internal citations omitted). The Court must weigh the factors favoring admissibility against the risks of unfairness, confusion, and undue expenditure of time in trying collateral issues. *Nachtsheim v. Beech Aircraft Corp.*, 847 F.2d 1261, 1269 (7th Cir. 1988). As the differences in circumstances and conditions between the two situations increase, the probative nature of any such evidence decreases. *Id.* The party offering the proffered evidence has the burden of proof in establishing the similarity of a specific set of facts to the injury-causing incident. *Id.* at 1268. Plaintiff has not set forth any evidence of any other substantially similar treatment provided to inmates and therefore this Court should not permit him to present evidence of any to the jury. Fed. R. Evid. 403(b)(1).

WHEREFORE, Defendant respectfully requests this Court exclude argument or evidence of other medical treatment provided to inmates.

**Court Ruling: Allowed_____ Overruled_____ Under Advisement_____**

2. **Motion *in limine* to preclude all argument and evidence of Defendant's insurance or insurance policy.** Any application for insurance, insurance policy, or statement, evidence, or testimony concerning whether Defendant may have insurance in connection with

Plaintiff's claim, or any reference to any coverage dispute or indemnity agreement between any of the parties to this action should be excluded. Fed. R. Evid. 411.

WHEREFORE, Defendant respectfully requests this Court exclude argument or evidence of Defendant's insurance or insurance policy.

**Court Ruling:    Allowed_____    Overruled_____    Under Advisement_____**

3.      **Motion *in limine* to preclude any and all argument and evidence concerning Defense counsel's law firm or time and cost associated with defense.**  Any indication, statement, or testimony concerning the size of the law firm of the defense counsel or the amount of time or money that may have been expended pursuing or defending this matter should be excluded.  To allow Plaintiff to introduce such evidence would result in unfair prejudice for Defendant. Fed. R. Evid. 401, 402, 403. Any admissions of evidence concerning Defendant's legal representation could incite and inflame the jury, causing it to improperly render a verdict based on passion or prejudice, rather than legitimate evidence. *Id*.

WHEREFORE, Defendant respectfully requests this Court exclude argument or evidence concerning defense counsel's law firm or time and cost associated with defense.

**Court Ruling:    Allowed_____    Overruled_____    Under Advisement_____**

4.      **Motion *in limine* to preclude any and all argument and evidence concerning status of settlement negotiations.**  Settlement negotiations or any lack thereof in this case, or in any other cases or matters should be excluded.  Admission of settlement negotiations undermines the public policy favoring out-of-court settlement.   Fed. R. Evid. 408.

WHEREFORE, Defendant respectfully requests this Court exclude argument or evidence concerning settlement negotiations.

3
14521703.v1

**Court Ruling: Allowed_____ Overruled_____ Under Advisement_____**

5. **Motion *in limine* to preclude any and all statement, testimony or argument about Wexford Health Sources, Inc. being a for-profit corporation or a "big" corporation or company.** Testimony about Wexford's corporate status is irrelevant and prejudicial to the defense. FRE 401, 402, 403.

WHEREFORE, Defendant respectfully requests this Court exclude argument or evidence concerning Wexford Health Sources, Inc. being a for-profit corporation or a "big" corporation or company.

**Court Ruling: Allowed_____ Overruled_____ Under Advisement_____**

*6.* **Motion *in limine* to preclude any and all argument or evidence concerning Plaintiff's offering of medical or other technical literature as hearsay.** Plaintiff should be prohibited from offering medical or other technical literature to the jury because such literature is generally prohibited as hearsay. Fed. R. Evid. 803(18). If Plaintiff attempts to present or offer medical or other technical literature to the jury on direct examination, the literature should be excluded because it is inadmissible hearsay. In addition, any such medical literature Plaintiff has not provided in discovery should not be allowed at trial in order to avoid prejudice and surprise to Defendant. Fed. R. Civ. Pro. 26(a)(3)(A)(iii).

WHEREFORE, Defendant respectfully requests this Court exclude argument or evidence concerning Plaintiff's offering of medical or other technical literature as hearsay.

**Court Ruling: Allowed_____ Overruled_____ Under Advisement_____**

7. **Motion *in limine* to preclude any and all argument or evidence requiring specialized knowledge, education, or training from witnesses not qualified as experts.**

Plaintiff's witnesses who are not medical physicians, nurse practitioners, or nurses, or who have not otherwise been qualified as expert witnesses, should not be permitted to offer testimony requiring specialized knowledge, education, or training. Fed. R. Evid. 702. The Court must determine whether a witness has expert qualifications on specific matters requiring specialized knowledge. *See Ancho v. Pentek Corp.*, 157 F.3d 512, 515-17 (7th Cir. 1998) (excluding expert who did not possess requisite expertise in plant design). If a witness does not have the requisite knowledge, education, or experience, he or she should not testify on matters that require such expertise. *See Id.* Therefore, this Court should prohibit any such testimony.

WHEREFORE, Defendant respectfully requests this Court exclude argument or evidence requiring specialized knowledge, education, or training from witnesses not qualified as experts.

**Court Ruling: Allowed_____ Overruled_____ Under Advisement_____**

8. **Motion *in limine* to exclude any and all reference to any other litigation or claims in which Defendant is or has been involved.** Any documents, testimony, or other evidence concerning allegations, investigations, claims, lawsuits, or other matters asserted against the Defendant by any other person or entity, including, but not limited to, any other prisoner, patient, or state medical board should be excluded. Fed. R. Evid. 404(b)(1). Defendant anticipates Plaintiff may attempt to introduce evidence of other such claims and lawsuits. Claims, investigations, lawsuits, allegations, or other matters asserted against Defendant are irrelevant and inadmissible. *Id.*; *see also* Fed. R. Evid. 401, 403.

WHEREFORE, Defendant respectfully requests this Court exclude Plaintiff from referencing any other litigation or claims in which Defendant is or has been involved.

**Court Ruling: Allowed_____ Overruled_____ Under Advisement_____**

14521703.v1

9. **Motion *in limine* to preclude any instruction from Plaintiff's counsel to the jury to send a message to Defendant or act as the conscience of the community.** Any reference at trial, including during opening statements and closing arguments, that jury members or prospective jury members should "send a message" to Defendant or act as "the conscience of the community," should be excluded. Similarly, Defendant seeks exclusion of any suggestion by Plaintiff or his witnesses that the jury should consider "sending a message" when determining whether to award compensatory damages or in determining the size of such compensatory damages. Such instructions are inherently prejudicial because they, on their face, urge the jury to render its verdict based upon "passion and prejudice." *See Honda Motor Co., Ltd. v. Oberg*, 512 U.S. 415, 426 (1994).

WHEREFORE, Defendant respectfully requests this Court preclude any instruction from Plaintiff's counsel to the jury to send a message to Defendant or act as the conscience of the community.

**Court Ruling:  Allowed_____    Overruled_____    Under Advisement_____**

10. **Motion *in limine* to preclude any documents, testimony, or other evidence not expressly produced in written discovery.** Any documents, testimony, or other evidence not expressly produced in written discovery should be excluded. Fed. R. Civ. Pro. 26(a)(3)(A)(iii).

WHEREFORE, Defendant respectfully requests this Court preclude any documents, testimony, or other evidence not expressly produced in written discovery.

**Court Ruling:  Allowed_____    Overruled_____    Under Advisement_____**

11. **Motion *in limine* to preclude any and all argument or evidence comparing medical treatment inside the prison system to treatment provided at a medical facility**

14521703.v1

**outside the prison system**. Defendant anticipates that Plaintiff may ask witnesses to compare the medical treatment inside the prison systems to treatment provided at a medical facility outside the correctional system. Such questioning should not be allowed as it is irrelevant to the issues at hand and could be prejudicial. Fed. R. Evid. 401, 403. The issue in this case is whether Defendant was deliberately indifferent or medically negligent to Plaintiff's physical or medical condition while he was incarcerated in a prison. There are no allegations regarding Plaintiff's care at a medical provider outside the correctional system. Prisons have specific security concerns that are not present at a medical institution outside the Department of Corrections. Given the fundamental difference between the two types of facilities, any comparison is not relevant to this case, and prejudices the Defendant. Fed. R. Evid. 401, 403.

WHEREFORE, Defendant respectfully requests this Court exclude argument or evidence comparing medical treatment inside prison system to treatment provided at a medical facility outside the prison system.

**Court Ruling:    Allowed_____    Overruled_____    Under Advisement_____**

12. **Motion *in limine* to preclude Plaintiff from testifying on issues relating to the causation of his injuries and medical treatment.** Defendant anticipates that Plaintiff may try to testify or offer opinions that his claimed injuries, medical treatment, diagnosis, arose from or were caused by, either directly or indirectly and either in whole or in part, by conduct of the Defendant. Plaintiff is not a physician nor has he established that he has the education, skill, or training to determine whether his claimed injuries, medical treatment, and alleged diagnosis arose from or was caused in any way by conduct of the Defendant. Fed. R. Evid. 702.

WHEREFORE, Defendant respectfully requests this Court preclude Plaintiff from testifying or offering opinions on issues relating to the causation of his injuries, medical treatment, and surgical procedures.

**Court Ruling:   Allowed_____    Overruled_____    Under Advisement_____**

13.    **Motion *in limine* to preclude all argument and evidence concerning Defendant's responsibility for actions.**   Any reference or remarks by counsel, Plaintiff, or any witness that the trial is necessary because Defendant is not taking responsibility for its actions or did not settle should be excluded.  This testimony or these assertions are unfairly prejudicial. Fed. R. Evid. 403. Defendant has the right to defend itself in the lawsuit and no inference should be made that suggests it does not have the right to do so.

WHEREFORE, Defendant respectfully requests this Court exclude argument or evidence concerning Defendant's responsibility for its actions.

**Court Ruling:   Allowed_____    Overruled_____    Under Advisement_____**

14.    **Motion *in limine* to preclude Plaintiff from introducing any affidavits produced by Plaintiff or other potential witnesses during discovery**. Defendant anticipates that Plaintiff may try to admit evidence regarding affidavits executed by Plaintiff and other potential witnesses. Any such evidence would contain statements of inadmissible hearsay, for which no exception to the rule against hearsay applies. *Fed. R. Evid. 802*.

WHEREFORE, Defendant respectfully requests this Court preclude Plaintiff from trying to admit evidence regarding affidavits executed by Plaintiff or other potential witnesses.

**Court Ruling:   Allowed_____    Overruled_____    Under Advisement_____**

15. **Motion *in limine* to preclude Plaintiff from testifying about statements from other inmates, healthcare providers, Wexford employees, IDOC employees, or other prison staff made to Plaintiff concerning his alleged injuries, cause of injuries, or medical condition as such statements are inadmissible hearsay.** Defendant anticipates that Plaintiff may try to testify regarding statements that have been made to him by other inmates, healthcare providers, Wexford employees, IDOC employees, or other prison staff about how Plaintiff's claimed injuries, medical treatment (or lack thereof), arose from or were caused by, either directly or indirectly and either in whole or in part, Defendant's alleged deliberate indifference, negligence, or denial of medical care. Any such statements constitute inadmissible hearsay. *Bombard v. Ft. Wayne Newspapers, Inc.*, 92 F.3d 560, 564 (7th Cir. 1996).

Further, Plaintiff should be barred from offering testimony at trial as to the statements of any treating medical professional. While Plaintiff's out-of-court statements to medical professionals for the purposes of treatment are admissible, the out-of-court statements made by a medical *professional* to the Plaintiff, not contained in admissible medical records, and offered by the Plaintiff are inadmissible hearsay. *See* Fed. R. Evid. 801, 802. No exception to the hearsay rules permits such statements to be used as evidence. *See* Fed. R. Evid. 803, 804.

WHEREFORE, Defendant respectfully requests this Court preclude Plaintiff from testifying about statements from other inmates or healthcare providers made to him concerning his injuries or medical condition as such statements are inadmissible hearsay.

**Court Ruling:    Allowed_____    Overruled_____    Under Advisement_____**

16. **Motion *in limine* to preclude Plaintiff from offering evidence or testimony of any misconduct, reprimand, or grievance issued against defendant(s), including facts related to employee resignation.** Defendant requests the Court bar reference to any previous misconduct

or inquiries regarding reprimands received by Defendant, grievances filed against Defendant, and the facts surrounding any employee resignation from Wexford as irrelevant, and even if relevant, the danger of unfair prejudice, misleading the jury, and confusing the issues far outweigh the probative value of such evidence. Federal Rule 403. Such testimony would also not be relevant under Federal Rule 401 and constitutes inadmissible character evidence under Rule 404(b).

In *Duran v. Town of Cicero*, 653 F. 3d 632 (7th. Cir. 2011), plaintiffs brought a §1983 complaint against the town and multiple officers alleging the officers used excessive force, falsely arrested them, deprived them of equal protection, and asserted state-law claims. Duran, 653 F. 3d at 635. One of the defendants, Officer Vitalo, moved to prevent the introduction and reference to prior misconduct complaints. *Id*. at 645. The district court granted the motion in limine. *Id*. During Officer Vitalo's testimony at trial, his attorney asked a series of questions that arguably opened the door to the misconduct complaints. *Id*. Plaintiff's counsel asked the judge to reconsider the motion in limine in light of the line of questioning and testimony by Officer Vitalo. *Id*. The district court judge again declined to allow the evidence stating "the danger of confusion and of unfair prejudice to the other defendants would outweigh the probative value as to the defendant Vitalo." *Id*. On appeal, the Seventh Circuit affirmed the exclusion of this evidence. *Id.* The Seventh Circuit noted that the district court has significant leeway when conducting an analysis under 404(b). *Id*. The Court further stated that, based upon the specific allegations of misconduct against Vitalo, "there was potential for prejudicial 'spillover' effect on all the defendants." *Id.* Finally, the Court stated that even though Vitalo arguably opened the door to the evidence, "the Rules of Evidence do not simply evaporate when one party opens the door on an issue." *Id*. (quoting Manuel v. City *of Chicago*, 335 F.3d 592, 596 (7th Cir. 2003)).

10

14521703.v1

In this case, allowing Plaintiff to suggest that because Defendant has received previous misconduct, reprimands, or had grievances filed against it show it mistreated Plaintiff in this instance is prejudicial, irrelevant, and not authorized by the Federal Rules of Evidence. Therefore, any potential probative value is significantly outweighed by the risks of prejudice to Defendant and of confusing the jury. Fed. R. Evid. 403

WHEREFORE, for the above and foregoing reasons, Defendant respectfully requests that this Honorable Court enter an order precluding Plaintiff from eliciting any testimony regarding any misconduct, reprimand, or grievances issued against Defendant.

**Court Ruling: Allowed_____ Overruled_____ Under Advisement_____**

17. **Motion *in limine* to preclude Plaintiff from introducing any news articles, media stories (any medium), and opinion pieces (any medium)**. Defendant anticipates that Plaintiff may try to introduce and admit evidence regarding articles or publications about Wexford and/or its employees. Introduction of such evidence would be unfairly prejudicial and should not be allowed. *Parr v. Sunbeam Prod., Inc.*, No. 06-1208, 2009 WL 10682264, at *4 (C.D. Ill. June 3, 2009); Fed. R. Evid. 403.

WHEREFORE, Defendant respectfully requests this Court preclude Plaintiff from trying to introduce or admit evidence in the form of news articles, media stories, and opinion pieces.

**Court Ruling: Allowed_____ Overruled_____ Under Advisement_____**

18. Defendant respectfully requests leave of Court to file additional Motions *in Limine* following the Final Pretrial Conference on September 29, 2021.

**Court Ruling: Allowed_____ Overruled_____ Under Advisement_____**

SANDBERG PHOENIX & von GONTARD P.C.


By:   */s/ Kevin K. Peek*
Dennis S. Harms, #6291610
Kevin K. Peek, #6328823
600 Washington Avenue - 15th Floor
St. Louis, MO 63101-1313
314-231-3332
314-241-7604 (Fax)
dharms@sandbergphoenix.com
kpeek@sandbergphoenix.com

*Attorneys for Defendant Wexford Health Sources, Inc.*

### Certificate of Service

I hereby certify that on 3rd day of February 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Kenneth N. Flaxman
knf@kenlaw.com
Joel A. Flaxman
jaf@kenlaw.com
Kenneth N. Flaxman, P.C.
*Attorneys for Plaintiff*

                                          */s/ Kevin K. Peek*

12
14521703.v1

SANDBERG PHOENIX & von GONTARD P.C.


By:   */s/ Kevin K. Peek*
Dennis S. Harms, #6291610
Kevin K. Peek, #6328823
600 Washington Avenue - 15th Floor
St. Louis, MO 63101-1313
314-231-3332
314-241-7604 (Fax)
dharms@sandbergphoenix.com
kpeek@sandbergphoenix.com

*Attorneys for Defendant Wexford Health Sources, Inc.*

### Certificate of Service

I hereby certify that on 3rd day of February 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Kenneth N. Flaxman
knf@kenlaw.com
Joel A. Flaxman
jaf@kenlaw.com
Kenneth N. Flaxman, P.C.
*Attorneys for Plaintiff*

                                          */s/ Kevin K. Peek*