IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

Aaron Murphy,                )
                             )
        *Plaintiff*,          )
                             )  No. 3:20-cv-00969JPG
        -*vs*-                )
                             )  *(Judge Gilbert)*
Wexford Health Sources, Inc.,)
                             )
        *Defendant*.          )

## PLAINIFF'S RESPONSE TO DEFENDANT'S MOTIONS IN LIMINE (ECF No. 59)

Plaintiff responds to defendant's motions in limine (ECF No. 59) as follows:

Preliminary Request 1 asks the Court to require pre-approval of all statements by plaintiff's counsel. The Court should deny this motion: plaintiff's counsel will follow the ordinary rules of trial procedure.

Preliminary Request 2 asks plaintiff's counsel to inform all witnesses of the nature of all in limine rulings. No objection. This requirement should apply to counsel for both parties.

Preliminary Request 3 asks the Court to strike any improper testimony or argument. This is a matter that is customarily handled during trial should the need arise. The Court should not enter any preliminary ruling about striking testimony.

Motions in Limine 1, 2, 3, 4, 5, 6, 7, 8, 9, 14, 16, and 17 involve matters that are not likely to arise at trial, and defendants provide no basis for the Court to conclude otherwise. The Court should conserve its limited resources and only rule on motions in limine that are relevant to the trial and should therefore deny these motions.

Motion in Limine 10 asks the court "to preclude any documents, testimony, or other evidence not expressly produced in written discovery." Plaintiff does not intend to present any evidence in his case in chief that has not been produced in discovery. New evidence, however, might become germane during the defense case and may be necessary to present in rebuttal. Plaintiff therefore requests that the Court defer ruling on this motion until and unless either party seeks to produce evidence that was not produced in discovery.

Motion in Limine 11 involves evidence or argument comparing medical treatment at the prison to treatment in the free society. The Court should preclude all parties from offering evidence or making argument about any such difference: Under Illinois law, which governs the medical malpractice claim in this case, "those practicing the medical arts in the penitentiary are held to the same standard of care as those practicing in the communities of our State." *Moss v. Miller*, 254 Ill. App. 3d 174, 184, 625 N.E. 2d 1044, 1051 (1993). "To hold otherwise would be to abandon reason and common sense." *Id.*

Motion in Limine 12 seeks to limit plaintiff's testimony about his injuries and his conversations with defendant's employees during medical treatment. Any evidentiary issues that will arise during plaintiff's testimony are matters that the Court is well capable of ruling on during trial, should they arise. This motion should therefore be denied.

Motion in Limine 13 seeks to preclude argument or evidence that defendant is responsible for the actions of its employees. This is the core principle of plaintiff's respondeat superior claim. The Court should deny Motion in Limine 13.

Motion in Limine 15 seeks to preclude, *inter alia*, plaintiff from testifying about statement made by defendant's employees that are admissible under Rule 801 of the Federal Rules of Evidence. Plaintiff will not seek to testify about statements made to him by persons other than those employed by defendant. This motion should therefore be denied.

Motion in Limine 18 asks the Court to allow defendant "to file additional Motions in Limine following the Final Pretrial Conference on September 29, 2021." This request is unripe and there is no reason for the Court to grant either party a blank check to file more in limine motions.

The Court should therefore defer to trial any ruling on preliminary requests 1 and 3, and Motions in Limine 1, 2, 3, 4, 5, 6, 7, 8, 9, 14, 16, and 17. The Court should grant Preliminary Request 2 and Motion in Limine 11, to be applied to all parties. The Court should deny the remaining motions.

Respectfully submitted,

/s/ Kenneth N. Flaxman
KENNETH N. FLAXMAN
ARDC No. 830399
JOEL A. FLAXMAN
200 S Michigan Ave Ste 201
Chicago, IL 60604-2430
(312) 427-3200
*attorneys for plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: None.

/s/ Kenneth N.Flaxman
Kenneth N. Flaxman
ARDC No. 08830399
Joel A. N. Flaxman
200 S Michigan Ave, Ste 201
Chicago, IL 60604
(312) 427-3200
*attorneys for plaintiff*